UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

| | |
|---|---|
| **HERBERT STANFORD, AS OWNER OF THE 2021 BLUE WAVE 2800 MAKAIRA AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:** 1:23cv301 HSO-BWR |

**COMPLAINT AND PETITION OF HERBERT STANFORD**
**FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

**TO THE HONORABLE JUDGES OF THE SOUTHERN DISTRICT OF MISSISSIPPI:**

**NOW INTO COURT**, by and through his undersigned counsel, comes Herbert Stanford, as owner of the 2021 Blue Wave 2800 Makaira ("the vessel"), her cargo, engines, tackle, gear appurtenances, etc. *in rem;* in a cause of exoneration from and/or limitation of liability, civil and maritime, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 46 U.S. C. 30501, *et seq.*, and in support thereof show as follows:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(g) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all as hereinafter more fully appears.

{N2048172 -}

2.

Herbert Stanford ("Stanford") is and was at all material times herein a resident of the State of Mississippi.

3.

Stanford is and was at all material times the owner of a 2021 Blue Wave 2800 Makaira bearing Hull Identification Number PWV16925E021 ("the vessel").

4.

The vessel is approximately 28 feet in length, 9.2 feet in width and with a draft of 2 feet operating on the navigable waters of the United States. Prior to and at all times hereinafter described, Stanford exercised due diligence to make and maintain the vessel in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

5.

On information and belief as of the filing of the instant Complaint, the vessel has not been attached or arrested in connection with the voyage at issue and no suits have been filed by any passengers against Stanford for personal injuries they may have sustained during this voyage.

6.

On April 30, 2023, Herbert Stanford allowed his daughter, Madison Stanford, to use the vessel.

7.

On April 30, 2023, Madison Stanford was operating the vessel in the Jourdan River near Bay St. Louis, Mississippi. Savannah Davis, Marcus Bridgers, Mason Diamond, and Spring Childs were passengers on the vessel.

8.

While Ms. Stanford was operating the vessel, she was involved in a collision with a vessel owned and operated by Joel Watson.

9.

Any and all injuries, damages, and/or losses, allegedly sustained by any person and/or entity were not caused or contributed to by any fault, negligence or lack of due care on the part of Herbert Stanford or unseaworthiness or fault of the vessel or any person in charge of them, or any person for whom Herbert Stanford was or is responsible. Herbert Stanford reserves the right to amend and/or supplement this paragraph of the Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the accident become fully known, and to prove them at the trial of this cause.

10.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Herbert Stanford, or anyone for whom Herbert Stanford is, or at any material time was, responsible.

11.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Herbert Stanford.

12.

The voyage upon which the aforesaid allegations of injury, damages and/or losses occurred and on which the claims and demands sought to be limited began and ended on April 30, 2023 and occurred in the navigable waters of the state of Mississippi within this judicial district.

13.

The entire aggregate amount or value of Herbert Stanford's interest in the vessel at the end of the above-described voyage does not exceed the sum of $22,000. There was no then pending freight at the end of the above-described voyage.

14.

The amount of the claims which are reasonably anticipated to arise from the events in question exceed the amount and value of Herbert Stanford's interest in the vessel immediately after the events in question and at the time of the termination of the voyage, and in her then pending freight.

15.

Herbert Stanford desires to contest any liability of themselves and the vessel for the injuries, damages and/or other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage in question. Herbert Stanford further claims exoneration from or limitation of liability for any loss, injuries, and damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity. Herbert Stanford alleges that he has valid defenses on the facts and on the law to the claims of any present and/or future claimant. Herbert Stanford, without admitting but affirmatively

denying all liability, further claims the benefit of Limitation of Liability as provided in Chapter 305 of Title 46 of the United States Code, as well as Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

16.

While not in any way admitting that Herbert Stanford has any liability for the alleged injuries, damages and/or losses allegedly occurring as described above, Herbert Stanford hereby claims and reserves the right to contest in this or any other Court any liability therefor, either of themselves or the vessel and Herbert Stanford claims and is entitled to have his liability, if any, limited to the amount or value of his interest as aforesaid in the vessel following the events in question, in addition to her freight then pending.

17.

Herbert Stanford is ready and willing to give a Stipulation of Value with sufficient surety for the payment into the Court's registry of the amount or value of his interest in the vessel and pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

18.

Herbert Stanford hereby offers his combined *Ad Interim* Stipulation with surety in the amount of $22,000, representing the value of Herbert Stanford's interest in the vessel and her then pending freight, at the time of the occurrence in question at the rate of 6% per annum. The

*Ad Interim* Stipulation is to stand in place of a Stipulation for Value if the amount thereof is not contested by any Claimant herein. Herbert Stanford stands ready and agree to comply with any other Order of the Court provided for in Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rule of Civil Procedure with respect to additional security which the Court may from time-to-time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

19.

Herbert Stanford would show that there are multiple potential claimants. To date, the Estate of Savannah Davis has given notice of suit to Herbert Stanford concerning the voyage in question.

20.

This Honorable Court has cognizance of this proceeding, and this is the proper Court and District in which to file this Complaint and Petition as provided by Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

21.

All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States, and of this Honorable Court, as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Herbert Stanford prays:

(A) That the Court issue an Order approving the combined *Ad Interim* Stipulation with proper security for the payment into Court of the value of Herbert Stanford's interest in the vessel and then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to

costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B) That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the vessel citing them to file his claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Herbert Stanford on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of his respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C) That an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action or legal proceeding of any nature or description whatsoever, except in the present proceedings, against Herbert Stanford, the vessel, his agents or representatives or any other person whatsoever for whom Herbert Stanford may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the vessel;

(D) That the Court in this proceeding adjudge:

    (i) That Herbert Stanford is not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the vessel and that therefore the vessel and Herbert

Stanford is exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii) Alternatively, if Herbert Stanford shall be adjudged liable, then that such liability be limited to the amount or value of his interest in the vessel, its engines, tackle, gear, and apparel, and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove his claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Herbert Stanford from all further liability.

(E) That Herbert Stanford has such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ William V. Westbrook, III*
WILLIAM V. WESTBROOK, III (MS Bar No. 7119)
Page, Mannino, Peresich & McDermott, PLLC
759 Howard Avenue
Biloxi, Mississippi 39530
Telephone:   228.374.2100
Facsimile:    228.432.5539
cwestbrook@pmp.org

Attorney for Petitioner-in-Limitation, Herbert Stanford

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record for all parties by operation of the Court's electronic filing system.

                                              */s/ William V. Westbrook, III*
                                              WILLIAM V. WESTBROOK, III